UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL J. GOLDEN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>DANIEL PARAMO,<br><br>　　　　Respondent. | No. 2:17-cv-0915 GEB CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was convicted in the Superior Court of San Joaquin County of four counts of lewd acts upon a child and is serving a total sentence of 14 years imprisonment. Petitioner presents three claims challenging his convictions and sentence. Respondent has filed a motion to dismiss the petition as time-barred. Petitioner has opposed the motion and respondent filed a reply brief as permitted in Local Rule 230(l) and this court's May 8, 2017 order. Petitioner also filed a sur-reply, not authorized under the local rules, and without seeking leave to do so. Accordingly, the sur-reply will be stricken.

Title 28 U.S.C. § 2244 provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

1

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner appealed his convictions to the California Court of Appeal, Third Appellate District. Other than modifying an award of sentence credit, petitioner's convictions and sentences were not disturbed. Resp't's Lodged Doc. 1. Petitioner did not seek review of the Court of Appeal's decision in the California Supreme Court so his convictions and sentences became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking review expired on November 16, 2015.[1] The one year limitations period applicable to this action began running the next day. Therefore, absent any applicable tolling provision, the limitations period applicable to this action ran out on November 16, 2016.

Normally, a habeas action is deemed commenced in this court when the petition is given to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988). Petitioner does not indicate when that occurred, but his petition is signed April 27, 2017 and the petition arrived at the court on May 1, 2017. For purposes of respondent's motion, the court will assume petitioner gave it to prison officials for mailing the day he signed it.

Under 28 U.S.C. § 2244(d)(2), the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. Respondent concedes that

---

[1] The Court of Appeal issued its opinion October 7, 2015. Resp't's Lodged Doc. 1. Petitioner then had 40 days within which to file a petition for review. Cal. Rules of Court 8.366 & 8.500.

petitioner is entitled to tolling of the limitation period between February 18, 2016 and July 13, 2016 while petitioner pursued collateral relief in California courts. When petitioner concluded collateral review, 93 days of the limitation period had expired. If there is no other basis for tolling, the limitations period re-started on July 14, 2016 and ran out April 11, 2017.

The statute of limitations applicable in a § 2254 action may be subject to equitable tolling if a petitioner can demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance prevented him from filing on time. Holland v. Florida, 560 U.S. 631, 649, 2562 (2010). Petitioner must show that the extraordinary circumstance was the cause of the untimeliness. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Equitable tolling is not available in most cases. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Ci. 1999).

In his opposition, petitioner asserts he completed his petition on March 30, 2017. He also claims that on that day he submitted the petition and his request to proceed in forma pauperis to prison officials so that they could complete the required authorization on the in forma pauperis form. Petitioner asserts the documents were not returned to him until April 27, 2017.

Assuming all of this is true, petitioner is still not entitled to equitable tolling. As indicated above, petitioner's final collateral action was denied by the California Supreme Court on July 18, 2016, approximately 8 1/2 months before he submitted his petition and in forma pauperis application to prison officials. Petitioner has not adequately explained this delay. Further, petitioner does not indicate he ever sought expedited treatment with respect to the processing of his request to proceed in forma pauperis either before he submitted it, or after it became clear that the limitations period might expire.

For these reasons, petitioner has not shown that he pursued his rights diligently during the limitations period which he must show to be entitled to equitable tolling. See Holmes v. Macomber, NO. CV 16-311-MWF (KS), 216 WL 6495359, *3-4 (C.D. Cal. Aug. 12, 2016) (petitioner not entitled to equitable tolling for time it took prison officials to process his application to proceed in forma pauperis due in part to the fact that petitioner did not demonstrate diligence during the limitations period).

/////

3

Accordingly, IT IS HEREBY ORDERED that the sur-reply filed by petitioner on September 11, 2017 (ECF No. 16) is stricken.

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) be granted;

2. Petitioner's petition for a writ of habeas corpus be dismissed as time-barred; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 1, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gold0915.sol